UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X
: 
AURELIUS CAPITAL PARTNERS, LP
and AURELIUS CAPITAL MASTER, LTD.,          :     07 Civ. 2715 (TPG)
:
Plaintiffs,          :
:
- against -          :
:
REPUBLIC OF ARGENTINA,          :
:
Defendant.          :
:
------------------------------------------------------------------------X
:
AURELIUS CAPITAL PARTNERS, LP
and AURELIUS CAPITAL MASTER, LTD.,          :     07 Civ. 11327 (TPG)
:
Plaintiffs,          :
:
- against -          :
:
REPUBLIC OF ARGENTINA,          :
:
Defendant.          :
:
------------------------------------------------------------------------X

(*captions continue on inside cover*)


**MEMORANDUM OF LAW IN SUPPORT OF MOTION
FOR A PROTECTIVE ORDER AS TO PLAINTIFFS' REQUESTS FOR PRODUCTION
TO THE REPUBLIC OF ARGENTINA AND TO QUASH EIGHTEEN SUBPOENAS
SERVED ON NON-PARTY BANKS**


CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
(212) 225-2000

Of Counsel:

Jonathan I. Blackman
Carmine D. Boccuzzi

```
------------------------------------------------------------X
                                                            :
BLUE ANGEL CAPITAL I LLC,                                   :
                                                            :      07 Civ. 2693 (TPG)
                                    Plaintiff,              :
                                                            :
                   - against -                              :
                                                            :
THE REPUBLIC OF ARGENTINA,                                  :
                                                            :
                                    Defendant.              :
------------------------------------------------------------X
                                                            :
AURELIUS CAPITAL MASTER, LTD. and ACP                       :
MASTER, LTD.,                                               :
                                                            :      09 Civ. 8757 (TPG)
                                    Plaintiffs,             :
                                                            :
                   - against -                              :
                                                            :
THE REPUBLIC OF ARGENTINA,                                  :
                                                            :
                                    Defendant.              :
------------------------------------------------------------X
                                                            :
AURELIUS CAPITAL MASTER, LTD. and ACP                       :
MASTER, LTD.,                                               :
                                                            :      09 Civ. 10620 (TPG)
                                    Plaintiffs,             :
                                                            :
                   - against -                              :
                                                            :
THE REPUBLIC OF ARGENTINA,                                  :
                                                            :
                                    Defendant.              :
------------------------------------------------------------X
                                                            :
AURELIUS OPPORTUNITIES FUND II, LLC and                     :
AURELIUS CAPITAL MASTER, LTD.,                              :
                                                            :      10 Civ. 1602 (TPG)
                                    Plaintiffs,             :
                                                            :
                   - against -                              :
                                                            :
THE REPUBLIC OF ARGENTINA,                                  :
                                                            :
                                    Defendant.              :
------------------------------------------------------------X
```

```
-----------------------------------------------------------------------X
                                                   :
AURELIUS OPPORTUNITIES FUND II, LLC and            :
AURELIUS CAPITAL MASTER, LTD.,                     :     10 Civ. 3507 (TPG)
                                                   :
                    Plaintiffs,                    :
                                                   :
              - against -                          :
                                                   :
THE REPUBLIC OF ARGENTINA,                         :
                                                   :
                    Defendant.                     :
-----------------------------------------------------------------------X
                                                   :
AURELIUS CAPITAL MASTER, LTD. and AURELIUS         :
OPPORTUNITIES FUND II, LLC,                        :     10 Civ. 3970 (TPG)
                                                   :
                    Plaintiffs,                    :
                                                   :
              - against -                          :
                                                   :
THE REPUBLIC OF ARGENTINA,                         :
                                                   :
                    Defendant.                     :
-----------------------------------------------------------------------X
                                                   :
BLUE ANGEL CAPITAL I LLC,                          :
                                                   :     10 Civ. 4101 (TPG)
                    Plaintiff,                     :
                                                   :
              - against -                          :
                                                   :
REPUBLIC OF ARGENTINA,                             :
                    Defendant.                     :
-----------------------------------------------------------------------X
                                                   :
BLUE ANGEL CAPITAL I LLC,                          :
                                                   :     10 Civ. 4782 (TPG)
                    Plaintiff,                     :
                                                   :
              - against -                          :
                                                   :
REPUBLIC OF ARGENTINA,                             :
                    Defendant.                     :
-----------------------------------------------------------------------X
```

```
------------------------------------------------------------------------X
                                                    :
AURELIUS CAPITAL MASTER, LTD. and AURELIUS          :
OPPORTUNITIES FUND II, LLC,                          :          10 Civ. 8339 (TPG)
                                                    :
                        Plaintiffs,                  :
                                                    :
              - against -                            :
                                                    :
THE REPUBLIC OF ARGENTINA,                           :
                                                    :
                        Defendant.                   :
------------------------------------------------------------------------X
```

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ............................................................................................... ii

PRELIMINARY STATEMENT ....................................................................................... 1

BACKGROUND .............................................................................................................. 3

      A.   The Requests for Production and the Subpoenas ............................................. 3

      B.   The Second Circuit Appeal in *EM Ltd v. Republic of Argentina* .................... 7

ARGUMENT ................................................................................................................... 8

I.     BY DEMANDING DISCOVERY CONCERNING HUNDREDS
      OF ENTITIES THAT ARE *NOT* THE REPUBLIC, THE
      REQUESTS FOR PRODUCTION AND THE SUBPOENAS
      FLOUT THE BASIC STANDARDS FOR POST-JUDGMENT
      DISCOVERY UNDER FEDERAL RULES 26 AND 69 ...................................... 8

II.    THE REQUESTS FOR PRODUCTION AND THE
      SUBPOENAS ARE OVERBROAD, UNDULY BURDENSOME,
      AND VIOLATE THE RULE OF PROPORTIONALITY .................................... 11

III.   THE NON-PARTY BANKS WOULD BE EXPOSED
      TO CRIMINAL, CIVIL AND DISCIPLINARY SANCTIONS
      UNDER FOREIGN LAW IF THEY WERE TO DISCLOSE
      INFORMATION PURSUANT TO PLAINTIFFS' SUBPOENAS ...................... 14

IV.   THE REQUESTS FOR PRODUCTION AND SUBPOENAS
      VIOLATE THE FSIA BY REQUIRING DISCLOSURE
      CONCERNING CATEGORICALLY IMMUNE PROPERTY
      AND DISCLOSURE UNTETHERED FROM ANY SPECIFIC
      FACT NECESSARY FOR AN IMMUNITY DETERMINATION ...................... 17

CONCLUSION ................................................................................................................ 19

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aeron Aviation Corp. v. Chemco Int'l Leasing Inc.*,
498 N.Y.S.2d 49 (App. Div. 2d Dep't 1986) .................................................................... 14

*Aurelius Capital Partners, LP v. Republic of Argentina*,
No. 07 Civ. 2715 (TPG), 2012 WL 983564 (S.D.N.Y. Mar. 22, 2012) ........................... 13

*Bettan v. Geico Gen. Ins. Co.*,
745 N.Y.S.2d 545 (App. Div. 2d Dep't 2002) .................................................................... 14

*Brabson v. The Friendship House of W.N.Y., Inc.*,
No. 94-CV-0834E(F), 1997 WL 461996 (W.D.N.Y. Aug. 11, 1997) ............................... 13

*Costamar Shipping Co., Ltd. v. Kim-Sail, Ltd.*,
No. 95 Civ. 3349 (KTD), 1995 WL 736907 (S.D.N.Y. Dec. 12, 1995) ........................... 10

*Editel v. Liberty Studios, Inc.*,
557 N.Y.S.2d 21 (App. Div. 1st Dep't 1990) .................................................................... 14

*EM Ltd. v. Republic of Argentina*,
473 F.3d 463 (2d Cir. 2007) ............................................................................................... 18

*EM Ltd. v. Republic of Argentina*,
No. 11-4065-cv(L), 2012 WL 3553367 (2d Cir. Aug. 20, 2012) .................................. *passim*

*GMA Accessories, Inc. v. Electric Wonderland, Inc.*,
No. 07 Civ. 3219 PKC DF., 2012 WL 1933558 (S.D.N.Y. May 22, 2012) ...................... 9, 10

*Herbert v. Lando*,
441 U.S. 153 (1979) ............................................................................................................ 8

*Hickman v. Taylor*,
329 U.S. 495 (1947) ............................................................................................................ 9

*In re Baycol Prods. Litig.*,
MDL No. 1431, 2003 WL 22023449 (D. Minn. Mar. 21, 2003) ...................................... 15

*In re Chase Manhattan Bank*,
297 F.2d 611 (2d Cir. 1962) ............................................................................................... 16

*In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*,
No. 05-MD-1720 (JG)(JO), 2010 WL 3420517 (E.D.N.Y. Aug. 27, 2010) ..................... 15

*In re Sealed Case,*
825 F.2d 494 (D.C. Cir. 1987) ........................................................................... 15

*In re Six Grand Jury Witnesses,*
979 F.2d 939 (2d Cir. 1992) ............................................................................... 9

*Lewis v. Hertz Corp.,*
597 N.Y.S.2d 368 (App. Div. 1st Dep't 1993) ................................................. 14

*Linde v. Arab Bank, PLC,*
262 F.R.D. 136 (E.D.N.Y. 2009) ................................................................. 16, 17

*Minpeco S.A. v. Conticommodity Servs., Inc.,*
116 F.R.D. 517 (S.D.N.Y. 1987) ...................................................................... 16

*NML Capital Ltd. v. Republic of Argentina,*
No. 03 Civ. 8845 (TPG), 2011 WL 1533072 (S.D.N.Y. Apr. 22, 2011) ........... 10

*NML Capital, Ltd. v. Republic of Argentina,*
No. 09 Civ. 7013 (TPG), 2011 WL 524433 (S.D.N.Y. Feb. 15, 2011) ......... 10, 11

*NML Capital, Ltd. v. Republic of Argentina,*
No. 09 Civ. 7013 (TPG), 2012 WL 3798217 (S.D.N.Y. Aug. 29, 2012) ........... 11

*Richbell Info. Servs., Inc v. Jupiter Partners L.P.,*
816 N.Y.S.2d 470 (App. Div. 1st Dep't 2006) ................................................. 16

*Rubin v. Islamic Republic of Iran,*
637 F.3d 783 (7th Cir. 2011), *cert. denied,*
No. 11-431, 2012 WL 2368717 (June 25, 2012) ........................................... 17, 18

*Salerno v. Lecia, Inc.,*
No. 97-CV-973S(H), 1999 WL 299306 (W.D.N.Y. Mar. 23, 1999) ................. 15

*Seattle Times Co. v. Rhinehart,*
467 U.S. 20 (1984) ............................................................................................. 8

*Seijas v. Republic of Argentina,*
No. 10 Civ. 4300 (TPG), 2011 WL 1137942 (S.D.N.Y. Mar. 28, 2011) ......... 10

*Semtek Int'l Inc. v. Merkurly Ltd.,*
No. 3607 (DRH), 1996 WL 238538 (N.D.N.Y. May 1, 1996) ......................... 13

*Trade Dev. Bank v. Cont'l Ins. Co.,*
469 F.2d 35 (2d Cir. 1972) ................................................................................ 15

*Uniden Corp. of Am. v. Duce Trading Co., Ltd.,*
No. 89-CV-0878E, 1993 WL 286102, (W.D.N.Y. July 19, 1993) ..................... 10

*Volkswagen A.G. v. Valdez*,
909 S.W.2d 900 (Tex. 1995)................................................................... 15

*Wood v. Capital One Servs., LLC*,
No. 5:09 Civ. 1445, 2011 WL 2154279 (N.D.N.Y. Apr. 15, 2011) ................................11, 12, 13

**Rules and Statutes**

28 U.S.C. § 1610(a) ................................................................... 17

Fed. R. Civ. P. 26(b)(1)................................................................... 8

Fed. R. Civ. P. 26(b)(2)(C) ................................................................... 11

Fed. R. Civ. P. 26(c)(1)................................................................... 8

Fed. R. Civ. P. 45(c)(3)(A)(iv) ................................................................... 8

Fed. R. Civ. P. 69(a)(2)................................................................... 9

**Other Authorities**

6 Jack B. Weinstein, Harold L. Korn & Arthur R. Miller,
*New York Civil Practice* ¶ 5223.05 (2012) ........................................................ 10

6 James Wm. Moore et al.,
*Moore's Federal Practice* ¶ 69.04 (3d ed. 1999) ............................................... 10

Defendant the Republic of Argentina (the "Republic") submits this Memorandum of Law in support of its motion,[1] pursuant to Rules 26, 34 and 45 of the Federal Rules of Civil Procedure, for (1) a protective order with respect to plaintiffs' Requests for Production served on the Republic on December 13, 2011 (the "Requests for Production") and (2) to quash the 18 subpoenas dated December 13, 2011 and January 12, 2012 (the "Subpoenas") served by plaintiffs on non-parties Banco de la Nación Argentina, Barclays Bank PLC, Barclays Capital, Inc., Banc of America Securities LLC, Bank of America Corp., Bank of America, N.A., Citibank, N.A., Citicorp North America Inc., Citicorp USA Inc., Citigroup Global Markets Inc., Citigroup Inc., Deutsche Bank AG, Deutsche Bank Americas Holding Corp., Deutsche Bank Securities Inc., Deutsche Bank Trust Company Americas, Merrill Lynch & Co., Inc., Merrill Lynch, Pierce, Fenner & Smith Inc., and Taunus Corp. (the "Non-Party Banks").

## PRELIMINARY STATEMENT

This Court should issue a protective order against the extraordinarily overbroad and unduly burdensome Requests for Production served on the Republic, and quash the 18 equally improper Subpoenas served on the Non-Party Banks.

*First*, by seeking documents concerning the business activities and worldwide assets of *461* entities, the vast majority of them separate from the Republic – including entities

---

[1]   This revised brief is submitted in further support of the Republic's Motion for a Protective Order and to Quash Eighteen Subpoenas Served on Non-Party Banks, dated May 22, 2012 (the "Motion") (on which date the Republic also filed its original memorandum of law).  The parties stipulated to extend the deadline for plaintiffs' response to the Motion to October 11, 2012, in light of the then pending Second Circuit discovery appeal in *EM Ltd. v. Republic of Argentina*.  Following the recent decision in that appeal, *see EM Ltd. v. Republic of Argentina*, No. 11-4065-cv(L), 2012 WL 3553367 (2d Cir. Aug. 20, 2012), the parties agreed that the Republic would submit this revised opening brief in support of this Motion.  The parties requested, and this Court endorsed, a due date of October 10, 2012 for plaintiffs' opposition and cross-motion to compel.  *See* Letter of E. Stubbs to Honorable Thomas P. Griesa, dated Sept. 12, 2012.

already deemed by this Court to be separate from the Republic and not liable for its debts – the Requests for Production and Subpoenas far exceed the scope of permissible discovery under the Federal Rules, which limit disclosure to relevant information concerning the *judgment debtor's* assets.  By purporting to seek documents concerning assets of third parties against which plaintiffs have no judgment, the Requests for Production and the Subpoenas fail to satisfy even the basic requirements of Federal Rules 26 and 69.

   *Second*, the unfocused, untargeted Requests for Production and Subpoenas – which demand over *45* open-ended categories of documents, span nearly four years, have no meaningful geographic limitation, and demand duplicative documents already produced to plaintiffs – violate the Federal Rules in that they are not in any sense prudential and proportionate.  Ordering such sweeping disclosure would place an enormous and undue burden on the Republic and the Non-Party Banks.

   *Third*, by seeking disclosure of bank and asset information that is prohibited from disclosure by the laws of foreign countries, the Subpoenas expose the Non-Party Banks to criminal and civil penalties and sanctions in foreign jurisdictions.

   *Fourth*, by requiring disclosure concerning property located outside of the United States and disclosure that is otherwise untethered from any specific immunity determination, the discovery sought by plaintiffs violates the Foreign Sovereign Immunities Act ("FSIA").  The Republic has petitioned for the rehearing *en banc* of the Second Circuit's affirmance of this Court's ruling requiring Banco de la Nación Argentina ("BNA") and Bank of America, N.A. to produce information concerning purported sovereign assets located outside of the United States (and therefore categorically immune under the FSIA).  *See EM Ltd. v. Republic of Argentina,* No. 11-4065-cv(L), 2012 WL 3553367 (2d Cir. Aug. 20, 2012).  Moreover, that decision did not

involve discovery served on the Republic itself and in any event, recognized the district court's

power to limit discovery in a prudential and proportionate way.  The Republic expressly

preserves all arguments and objections under the FSIA to the Requests for Production and the

Subpoenas.

## BACKGROUND

**A.     The Requests for Production and the Subpoenas**

Plaintiffs, vulture funds that speculate in defaulted sovereign debt, are pre- and

post- judgment creditors of the Republic.[2]  On December 13, 2011, plaintiffs served document

demands on the Republic.  *See* Requests for Production, *Aurelius Capital Partners, LP v.*

*Republic of Argentina*, No. 07 Civ. 2715 (TPG) (S.D.N.Y. Dec. 13, 2011) (Ex. A).[3]  Plaintiffs

also served these banks with subpoenas on December 12, 2011:

- Banco de la Nación Argentina

- Barclays Bank PLC

- Barclays Capital Inc.

- Citibank, N.A.

- Citicorp North America Inc.

- Citicorp USA Inc.

- Citigroup Global Markets Inc.

- Citigroup Inc.

- Deutsche Bank AG

---

[2]   The Aurelius plaintiffs have brought 11 total lawsuits against the Republic based on their beneficial ownership of defaulted Republic debt, continually bringing new actions as they purchase additional debt on the secondary bond market.  These plaintiffs have obtained 3 judgments against the Republic for a total amount of approximately $554 million.  The remaining 8 pre-judgment cases involve a total principal amount of approximately $201 million.  The Subpoenas do not distinguish between the pre-judgment and post-judgment cases, although there is of course no basis for asset discovery of a judgment debtor *before* there is a judgment against it.

[3]   All exhibits are attached to the declaration of Sara A. Sanchez, dated May 22, 2012.

- Deutsche Bank Americas Holding Corp.
- Deutsche Bank Securities Inc.
- Deutsche Bank Trust Company Americas
- Taunus Corp.

On January 12, 2012, plaintiffs served additional subpoenas on the following banks, for a total of 18 Subpoenas:

- Bank of America, N.A.
- Bank of America Corp.
- Banc of America Securities LLC
- Merrill Lynch & Co., Inc.
- Merrill Lynch, Pierce, Fenner & Smith Inc.

These discovery demands seek worldwide discovery of purported Republic assets, including information identifying "each asset, debt or property of *any kind whatsoever located anywhere in the world that Argentina owns or owned*" during the nearly four-year period defined as the "Relevant Time Period." *See, e.g.,* Barclays Bank PLC Subpoena at 8, Request No. 14 (Ex. C) (emphasis added).[4] Each of the Subpoenas served on the Non-Party Banks contains 45 document requests, plus sub-parts; the Requests for Production served on the Republic contain 30 document requests, plus sub-parts. In addition to documents concerning "any property, including assets or accounts . . . anywhere in the world," Barclays Bank PLC Subpoena at 6, Request No. 1 (Ex. C), plaintiffs seek, *inter alia,* documents concerning any contracts, loans, precious minerals, financial transactions of any type, investments, bond issuances, real estate, commodities, natural resources, and other assets. Plaintiffs also seek "[a]ll documents concerning SWIFT messages" identifying any entity deemed to be encompassed within the

---

[4]   The 18 Subpoenas served on the Non-Party Banks are attached to the Sanchez declaration as Exhibits B-S. As the Subpoenas served on the Non-Party Banks are all substantially identical, the Republic generally cites to the Barclays Bank PLC Subpoena throughout this memorandum for ease of reference.

definition of "Argentina" "as the beneficiary, originator or any other related party to a transaction," *id.* at 7, Request No. 11  – without regard to the fact that, in the latest available figures, SWIFT averaged over *18 million messages per day* among more than 10,000 live users, resulting in more than *2.6 billion messages in the first half of 2012*.  *See* SWIFT in Figures (July 2012), *available at* http://www.swift.com/about_swift/company_information/swift_in_figures /archive/index.page; *see also* SWIFT in Figures (Dec. 2011), *available at* http://www.swift.com/ about_swift/company_information/swift_in_figures/archive/2011/SIF_2011_12.pdf (providing year-end data for 2011 showing over 4.4 billion messages sent during that year).

The Requests for Production and the Subpoenas define "Argentina" to include, without exception, all "agencies, instrumentalities, ministries, political subdivisions, representatives, secretariats, undersecretariats, commissions, councils, offices, institutes, funds, State Controlled Entities… alter egos, [and] all other Persons acting for or on behalf of Argentina."  *See, e.g.,* Barclays Bank PLC Subpoena at 1, ¶ 1 (Ex. C).  The Requests for Production and the Subpoenas also define "Argentina" to mean all "Persons" in Exhibit 1 to the demands, which lists 461 entities, including, *inter alia*:

- *124* majority-owned stock corporations and/or otherwise independent instrumentalities not liable for the Republic's debts, including entities that *have already been adjudicated* to be separate from the Republic and not its alter-egos, such as Aerolíneas Argentinas S.A., the Argentine commercial airline; Energía Argentina S.A. ("ENARSA"), the state-owned Argentine energy company; Empresa Argentina de Soluciones Satelitales, S.A. ("AR-SAT"), a state-owned Argentine satellite stock corporation; and BNA, Argentina's largest commercial bank;

- *63* corporate entities in which the Republic has less than 50% direct ownership interest (and in some cases no ownership interest at all), and which are unquestionably separate from the Republic;

- *51* military or diplomatic entities;

- *114* under-secretariats of the government which presumptively do not operate outside of Argentina or have accounts outside of Argentina; including, for example, the "Under-Secretariat of Municipal Management" and the "Under-Secretariat of Milking;" and

- *14* entities that are duplicates within Exhibit 1, or which do not appear to exist.

Each of the banks has objected to the Subpoenas, and the Republic has also objected to the Requests for Production.  *See* Republic of Argentina's Responses and Objections to Plaintiffs' Document Requests, *Aurelius Capital Partners, LP v. Republic of Argentina*, No. 07 Civ. 2715 (TPG) (S.D.N.Y. Jan. 12, 2012) (Ex. T).

On January 20 and 30, 2012, the Republic and plaintiffs held telephonic meet-and-confer conferences concerning the Requests for Production served on the Republic; the parties also exchanged correspondence concerning the Requests for Production.  *See* Letter of E. Stubbs to C. Boccuzzi, dated Feb. 2, 2012 (Ex. U); Letter of C. Boccuzzi to E. Stubbs, dated Feb. 17, 2012 (Ex. V).  In an attempt to limit discovery to some reasonable compass, on January 30, 2012, the Republic provided plaintiffs with a detailed spreadsheet grouping the 461 entities listed on Exhibit 1 of plaintiffs' Requests for Production into six different sections: "Separate Entities;" "Less than 50% Ownership;" "Defense/Diplomatic;" "Repeated/Not an Entity;" "Non-Operating;" and "For Discussion."  *See* Letter of E. Stubbs to C. Boccuzzi at 2, dated Feb. 2, 2012 (Ex. U) (referring to the spreadsheet).  Although plaintiffs stated that they would "review the spreadsheet" and revert to the Republic, *id.* at 3, they never responded, nor did they make any attempt to narrow the categories of entities listed on Exhibit 1.  As a practical matter, it appears that the parties' views on the scope, breadth and general permissibility of these discovery demands cannot be reconciled.

The Republic accordingly moved on May 22, 2012 for a protective order as to the Requests for Production and to quash the Subpoenas served on the Non-Party Banks.  This brief

is submitted in further support of that Motion, *see supra*, n.1, and in light of the recent discovery decision of the Second Circuit, discussed below.

**B.      The Second Circuit Appeal in *EM Ltd v. Republic of Argentina***

On September 2, 2011, this Court ordered BNA and Bank of America, N.A. to comply with non-party subpoenas served on them by plaintiff NML in related cases.  *See* Order, *NML Capital, Ltd. v. Republic of Argentina*, No. 03 Civ. 8845 (S.D.N.Y. Sept. 2, 2011) (Ex. X). The Court of Appeals affirmed this Court's order in *EM Ltd.*, 2012 WL 3553367, at *4, holding that the NML subpoenas did not infringe upon the Republic's sovereign immunity under the FSIA.  *Id.* at *7.  The Court of Appeals recognized, however, that while "[i]t is not uncommon to seek asset discovery from third parties, including banks, that possess information pertaining to the judgment debtor's assets," *id.* at *5, "[t]he scope of [such] discovery under Rule 69(a)(2) is constrained principally *in that it must be calculated to assist in collecting on a judgment*."  *Id.* at *4 (also citing Fed. R. Civ. P. 26(b)(1)) (emphasis added).  The Court of Appeals also recognized that a rule of reasonableness necessarily applies in evaluating the propriety and scope of discovery, and that "[o]f course, as in all matters relating to discovery, the district court has broad discretion to limit discovery in a prudential and proportionate way."  *Id.* at *4.  Plaintiffs' discovery demands here are vastly *broader* than the subpoenas served by NML and at issue in *EM Ltd*.  *Cf.* Subpoena served on Bank of America, N.A., *NML Capital, Ltd. v. Republic of Argentina*, No. 03 Civ. 8845 (TPG) (S.D.N.Y. Mar. 10, 2010) (Ex. W).

**ARGUMENT**

The Supreme Court has held that "district courts should not neglect their power to restrict discovery where 'justice requires [protection for] a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . .'"  *Herbert v. Lando*, 441 U.S. 153, 177 (1979).  In that regard, Rule 26(c) provides that the court may issue a protective order "forbidding the disclosure or discovery [or] . . . forbidding inquiry into certain matters, or limiting the scope of the disclosure or discovery to certain matters."  Fed. R. Civ. P. 26(c)(1); *see Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 34 (1984) ("[I]t is necessary for the trial court to have the authority to issue protective orders conferred by Rule 26(c) [because] [i]t is clear from experience that . . . discovery . . . has a significant potential for abuse.").  Likewise, Rule 45 provides that an "issuing court must quash . . . a subpoena that . . . subjects a person to undue burden."  Fed. R. Civ. P. 45(c)(3)(A)(iv).  Here, the Court should issue a protective order as to the Requests for Production served on the Republic and quash the 18 Subpoenas served on the Non-Party Banks because these discovery demands far exceed the limitations imposed by the Federal Rules and the FSIA.

**POINT I**

**BY DEMANDING DISCOVERY CONCERNING HUNDREDS OF ENTITIES THAT ARE *NOT* THE REPUBLIC, THE REQUESTS FOR PRODUCTION AND THE SUBPOENAS FLOUT THE BASIC STANDARDS FOR POST-JUDGMENT DISCOVERY UNDER FEDERAL RULES 26 AND 69**

Plaintiffs' Requests for Production and Subpoenas fail to satisfy the threshold requirements imposed by Rule 26, which limits discovery to "any nonprivileged matter that is *relevant* to any party's claim or defense," Fed. R. Civ. P. 26(b)(1) (emphasis added), and Rule 69, which provides that discovery in post-judgment proceedings is limited to only the judgment debtor's assets.  *EM Ltd.*, 2012 WL 3553367, at *5 (allowing discovery of "information

pertaining to the *judgment debtor's* assets") (emphasis added); Fed. R. Civ. P. 69(a)(2) ("[*i*]*n aid of the judgment or execution*, the judgment creditor . . . may obtain discovery . . . as provided in these rules or by the procedure of the state where the court is located") (emphasis added). Because the Requests for Production and the Subpoenas here seek information about hundreds of entities that are not the Republic and whose assets cannot be used to satisfy plaintiffs' judgments, the Requests for Production and the Subpoenas violate the most basic requirements of Rules 26 and 69. *See Hickman v. Taylor*, 329 U.S. 495, 507 (1947) (stating that discovery "has ultimate and necessary boundaries" that prohibit irrelevant disclosures); *In re Six Grand Jury Witnesses*, 979 F.2d 939, 943 (2d Cir. 1992) ("the discovery rules liberal treatment does not license opposing counsel to discover anything and everything.").

The Requests for Production and Subpoenas are targeted at dozens of juridically separate Argentine companies, including companies in which the Republic is simply an investor shareholder with a minority interest[5] and companies in which the Republic is not even a shareholder at all.[6]  There is simply no basis, nor have plaintiffs tried to articulate any, that would permit discovery of the assets of these separate entities. *See GMA Accessories, Inc. v. Electric Wonderland, Inc.*, No. 07 Civ. 3219 PKC DF., 2012 WL 1933558, at *5 (S.D.N.Y. May 22, 2012) (stating that post-judgment discovery concerning the assets of a non-party is not

---

[5]   Including, *inter alia*, the following companies – *all* of them majority-owned by private shareholders: Transpa S.A. (power transportation company, 6% owned by the Republic), Central Térmica Guemes S.A. (thermoelectric power producer, 7.74% owned by the Republic), Centrales Termicas Patagonias S.A. (thermoelectric power producer, 13.12% owned by the Republic), America Latina Logística Central S.A. (railway company, 16% owned by the Republic), America Latina Logística Mesopotámica S.A. (railway company, 16% owned by the Republic), and Ferroexpreso Pampeano S.A. (railway company, 16% owned by the Republic).  *See* Barclays Bank PLC Subpoena, Ex. 1 (Ex. C).

[6]   Including, *inter alia,* Banco Ciudad de Buenos Aires, Banco Provincia, and Banco de Córdoba (three provincial banks in which the Republic does not have any equity interest) and Interbaires S.A., Planta Papelera Quilmes, and Correo Argentino S.A., (companies in which the Republic also does not have any equity interest). *See* Barclays Bank PLC Subpoena, Ex. 1 (Ex. C).

contemplated by Rule 69(a)); *Uniden Corp. of Am. v. Duce Trading Co., Ltd.*, No. 89-CV-0878E, 1993 WL 286102, at *2 (W.D.N.Y. Jul. 19, 1993) (noting that post-judgment discovery concerning the assets of a non-party requires a "heightened showing of necessity and relevance") (citations omitted); *Costamar Shipping Co., Ltd. v. Kim-Sail, Ltd.*, No. 95 Civ. 3349 (KTD), 1995 WL 736907, at *3 (S.D.N.Y. Dec. 12, 1995) (denying asset discovery because "the mere allegation of an alter ego relationship is insufficient; it must be supported by facts showing the basis for the assertion" and because "[non-parties] cannot be required to disclose their own assets"); *see also* 6 James Wm. Moore et al., *Moore's Federal Practice* ¶ 69.04 (3d ed. 1999) ("If the judgment creditor fails to demonstrate a sufficient relationship between the judgment debtor and the third person as well as some additional justification . . . discovery readily will be denied."); 6 Jack B. Weinstein, Harold L. Korn & Arthur R. Miller, *New York Civil Practice* ¶ 5223.05 (2012) (noting that post-judgment disclosure in New York is limited to locating the assets of the judgment debtor).

Moreover, and critically, plaintiffs' list in Exhibit 1 includes entities that have already been deemed by the Court to be separate entities and not alter egos of the Republic. *Compare* Barclays Bank PLC Subpoena, Ex. 1 (Ex. C) (seeking information as to BNA, AR-SAT, ENARSA, and Aerolíneas Argentinas S.A.), *with Seijas v. Republic of Argentina*, No. 10 Civ. 4300 (TPG), 2011 WL 1137942 (S.D.N.Y. Mar. 28, 2011) (holding that majority-owned commercial bank BNA is not the Republic's alter ego); *NML Capital Ltd. v. Republic of Argentina*, No. 03 Civ. 8845 (TPG), 2011 WL 1533072, at *5 (S.D.N.Y. Apr. 22, 2011) (holding that majority-owned satellite company AR-SAT is not liable for the Republic's debts); *NML Capital, Ltd. v. Republic of Argentina*, No. 09 Civ. 7013 (TPG), 2011 WL 524433 (S.D.N.Y. Feb. 15, 2011) (holding that majority-owned gas company ENARSA is not an alter ego of the

Republic); *NML Capital, Ltd. v. Republic of Argentina*, No. 09 Civ. 7013 (TPG), 2012 WL 3798217 (S.D.N.Y. Aug. 29, 2012) (holding that ENARSA is not otherwise a "part of" the Republic or liable for its debts); Order, *Seijas v. Republic of Argentina*, No. 04 Civ. 400 (TPG) (S.D.N.Y. Aug. 19, 2009) (holding that majority-owned airline Aerolíneas Argentinas is not liable for the Republic's debts) (Ex. Y); Hr'g Tr., *Lightwater v. Republic of Argentina*, No. 02 Civ. 3805 (TPG) (S.D.N.Y. Apr. 1, 2009) (same) (Ex. Z).  Sweeping discovery as to these entities is thus plainly improper.

Plaintiffs' demands for discovery regarding other separate entities listed in Exhibit 1 are equally meritless.  Plaintiffs have no basis for claiming these entities are alter egos of the Republic and have presented no evidence to justify even threshold discovery on that issue. *A fortiori* plaintiffs are not entitled to discovery regarding the *assets* of these entities.

## POINT II

## THE REQUESTS FOR PRODUCTION AND THE SUBPOENAS ARE OVERBROAD, UNDULY BURDENSOME, AND VIOLATE THE RULE OF PROPORTIONALITY

The Requests for Production and the Subpoenas further violate the Federal Rules in that they are not prudential and proportionate, *see EM Ltd.*, 2012 WL 3553367, at *4 (holding that the district court can "limit discovery in a prudential and proportionate way"), but rather so overbroad as to impose burdens that far outweigh any potential benefit to plaintiffs.  *See* Fed. R. Civ. P. 26(b)(2)(C); *Wood v. Capital One Servs., LLC*, No. 5:09 Civ. 1445 (NPM/DEP), 2011 WL 2154279, at *3 (N.D.N.Y. Apr. 15, 2011) (denying plaintiff's discovery request because "[t]he rule of proportionality serves to protect a party against having to produce voluminous documents of questionable relevance.").

*First,* the sheer number of open-ended document requests, coupled with the fact that each and every request purports to apply to 461 entities included in the definition of

"Argentina," is alone sufficient to demonstrate the disproportionate, overbroad nature of the Requests for Production and the Subpoenas.  Each of the Subpoenas contains 45 document requests plus sub-parts (a total of 86 requests), and the Requests for Production served on the Republic contain 30 document requests plus sub-parts (a total of 58 requests).  The Requests for Production and the Subpoenas seek all documents concerning, *inter alia*, "any property" of "any kind" located "anywhere in the world," including documents concerning any accounts, contracts, financial instruments, loans, debt, precious minerals, commodities, financial transactions of any type, investments, bond issuances, notes, warrants or any type of securities, real estate, patents or other intellectual property, natural resources, and including "any other property."  This is precisely the type of sweeping discovery this Court has previously denied.  *See, e.g.,* Hr'g Tr. at 52, *Seijas v. Republic of Argentina*, No. 04 Civ. 400 (TPG) (S.D.N.Y. Apr. 30, 2008) (the Court stating: "I cannot just order a foreign country to give discovery willy-nilly.").

        *Second*, the Requests for Production and the Subpoenas span an arbitrary time period of nearly four years, from January 2009 through the present.  Moreover, the vast majority of the discovery demands do not have any geographic limitation whatsoever, while others request all documents located "anywhere in the world" *except* within the single country of Argentina.  *See* Requests for Production, Request No. 30 (Ex. A).  Courts routinely prohibit asset discovery that fails to include a reasonable geographic or temporal limitation as presenting an "undue burden" on the party forced to comply, and the Court should likewise do so here – particularly since the Non-Party Banks have branches in dozens of jurisdictions worldwide, and, to take one example, would be required to search literally *billions* of SWIFT messages from around the globe over the course of four years.  *See Wood,* 2011 WL 2154279, at *10 (denying plaintiff's discovery request because it did not "place any limits, either geographically or

temporally, on the information sought"); *Brabson v. The Friendship House of W.N.Y., Inc.*, No. 94-CV-0834E(F), 1997 WL 461996, at *1 (W.D.N.Y. Aug. 11, 1997) (denying a request for information "relating to all spending and disbursements by Friendship House from 1994 to [1997] . . . because it is overly broad and unduly burdensome"); *Semtek Int'l Inc. v. Merkurly Ltd.*, No. 3607 (DRH), 1996 WL 238538, at *3 (N.D.N.Y. May 1, 1996) (quashing a subpoena as imposing an "undue burden" where the requests were "unlimited in time and thus require[d] production of documents for an extended period" and went "well beyond any reasonable attempt to identify assets").

      *Third,* the discovery demanded by plaintiffs is unreasonably duplicative. *See Wood*, 2011 WL 2154279, at *10 (denying plaintiff's discovery request because "any further discovery regarding this issue would be cumulative and unduly burdensome").  As an initial matter, plaintiffs have already received substantial discovery from both Bank of America and Banco de la Nación Argentina in their productions of December 22, 2011 and January 6, 2012, respectively, concerning transfers of property and wire transfers of the Republic, yet they now separately demand this information from the banks *again.  See* Letter of C. Boccuzzi to E. Stubbs, dated Feb. 17, 2012 (Ex. V).  Likewise, plaintiffs demand production of documents about the Republic's interest in patents and royalty payments, notwithstanding that plaintiffs received extensive discovery (supervised by a court-appointed Receiver) on this topic over the course of nearly a year, which ultimately resulted in this Court's *vacatur* of plaintiffs' patents attachments.  *See* Requests for Production, Requests No. 24-25 (Ex. A); *Aurelius Capital Partners, LP v. Republic of Argentina*, No. 07 Civ. 2715 (TPG), 2012 WL 983564 (S.D.N.Y. Mar. 22, 2012).

Because plaintiffs demand dozens of categories of information about hundreds of entities with no discernible limiting principle, the Requests for Production and the Subpoenas must be "vacated rather than pruned, as it is counsel's burden to draft and serve proper interrogatories and demands, and the courts will not correct palpably bad ones." *Aeron Aviation Corp. v. Chemco Int'l Leasing Inc.*, 498 N.Y.S.2d 49 (App. Div. 2d Dep't 1986); *see also Bettan v. Geico Gen. Ins. Co.*, 745 N.Y.S.2d 545, 547 (App. Div. 2d Dep't 2002) ("The Supreme Court properly vacated the plaintiff's discovery notice, as most of the demands contained therein were palpably improper, in that they either sought irrelevant information, were vague, or were of an overbroad and burdensome nature."); *Editel v. Liberty Studios, Inc.*, 557 N.Y.S.2d 21 (App. Div. 1st Dep't 1990) ("[A] substantial portion [of the document demand and interrogatories] is overbroad, burdensome, or calls for irrelevant materials or conclusions. Under these circumstances, the remedy is not judicial pruning but vacatur of the entire demand and interrogatories."); *Lewis v. Hertz Corp.*, 597 N.Y.S.2d 368 (App. Div. 1st Dep't 1993) (when discovery is "improper or unduly broad, burdensome or oppressive," the remedy is not "to prune" but "to vacate" the discovery).

## POINT III

### THE NON-PARTY BANKS WOULD BE EXPOSED TO CRIMINAL, CIVIL AND DISCIPLINARY SANCTIONS UNDER FOREIGN LAW IF THEY WERE TO DISCLOSE INFORMATION PURSUANT TO PLAINTIFFS' SUBPOENAS

Plaintiffs' Subpoenas are all the more improper since they seek disclosure that is prohibited by the laws of numerous foreign countries in which the targeted Non-Party Banks have branches – including France, Switzerland and Panama, to take only a few examples.[7]

---

[7]   According to public information, the Non-Party Banks have branches in more than 50 jurisdictions across the globe. *See e.g.* FDIC Institutional Directory, *available at* http://www2.fdic.gov/idasp/main.asp.

Compliance with plaintiffs' overbroad Subpoenas would thus unfairly expose the Non-Party

Banks to criminal, civil and regulatory sanctions in those countries, despite the fact that United

States courts have long acknowledged the importance of both banking secrecy laws and data

protection laws adopted by other countries, especially in the context of discovery from non-

parties. *See, e.g., Trade Dev. Bank v. Cont'l Ins. Co.*, 469 F.2d 35, 41 (2d Cir. 1972) (affirming

deference to Swiss bank secrecy law); *In re Sealed Case*, 825 F.2d 494, 498-99 (D.C. Cir. 1987)

(reversing district court's order holding bank in civil contempt for failing to obey subpoena

calling for production of documents protected from disclosure by foreign country's bank secrecy

laws); *In re Baycol Prods. Litig.*, MDL No. 1431 (MJD/JGL), 2003 WL 22023449, at *6 (D.

Minn. Mar. 21, 2003) (denying motion to compel discovery of information subject to the

German Federal Data Protection Act and deferring to Germany's interest in protecting the

privacy of information protected by that legislation); *Salerno v. Lecia, Inc.*, No. 97-CV-973S(H),

1999 WL 299306, at *3 (W.D.N.Y. Mar. 23, 1999) (denying motion to compel in deference to

the EU Data Protection Directive and the German Federal Data Protection Act); *Volkswagen

A.G. v. Valdez*, 909 S.W.2d 900, 903 (Tex. 1995) (granting writ of mandamus and directing that

an order compelling discovery of identifying information concerning employees be vacated, in

deference to the German Federal Data Protection Act).

        In France, for example, citizens and residents are precluded by law from

providing information for use in foreign judicial or administrative proceedings where Hague

Convention procedures have not been followed. *See In re Payment Card Interchange Fee &

Merch. Disc. Antitrust Litig.,* No. 05-MD-1720 (JG)(JO), 2010 WL 3420517, at *6 (E.D.N.Y.

Aug. 27, 2010) (noting that French blocking statute prohibits disclosure of documents for use in

foreign proceedings).  In Switzerland, Article 47 of the Swiss Banking Act imposes

imprisonment or a fine on officers, directors, employees or agents of a bank who disclose a customer's identity or any other information about a customer obtained in the context of a banking relationship. *See Minpeco S.A. v. Conticommodity Servs., Inc.*, 116 F.R.D. 517, 524 (S.D.N.Y. 1987). Furthermore, Article 273 of the Swiss Penal Code prevents the disclosure of customer account information to third parties, and Article 28 of the Swiss Civil Code and Articles 41 and 49 of the Swiss Code of Obligations expose banks to civil tort suits for disclosing customer confidences. *Id.*

   Panama, too, has multiple bank confidentiality laws that are implicated here. The general rule in Panama, codified in Article 111 of the Panama's Banking Law, is that banks licensed to operate in the country are prohibited from disclosing information about their clients without client consent. In addition, Article 89 of Panama's Code of Commerce prevents a "merchant," including a bank, from "furnishing a copy or reproduction of the contents of his books, correspondence and other documents for use in an action abroad, in compliance with an order of an authority not of the Republic of Panama" and imposes a fine for violations. *See In re Chase Manhattan Bank,* 297 F.2d 611, 612 (2d Cir. 1962) (affirming modification of subpoena to exclude documents held in Panama where disclosure would violate Article 89 of Panama's Code of Commerce).

   The foregoing is just a sample of the foreign laws that plaintiffs are trying to evade by seeking expansive, worldwide discovery in this Court, and each supports the grant of relief the Republic seeks here. *See Richbell Info. Servs., Inc v. Jupiter Partners L.P.*, 816 N.Y.S.2d 470, 478 (App. Div. 1st Dep't 2006) (refusing to compel defendant to travel to New York and testify in light of Malaysian privacy law); *Minpeco*, 116 F.R.D. at 529 (declining to compel disclosure of bank records due to the Swiss privacy law concerns raised by party); *Linde*

*v. Arab Bank, PLC*, 262 F.R.D. 136, 149-52 (E.D.N.Y. 2009) (denying motion to compel

production of documents protected by Israeli bank secrecy laws).

**POINT IV**

**THE REQUESTS FOR PRODUCTION AND SUBPOENAS VIOLATE THE FSIA BY REQUIRING DISCLOSURE CONCERNING CATEGORICALLY IMMUNE PROPERTY AND DISCLOSURE UNTETHERED FROM ANY SPECIFIC FACT NECESSARY FOR AN IMMUNITY DETERMINATION**

The Republic expressly preserves all arguments and objections that the Requests

for Production and the Subpoenas violate the FSIA by requiring disclosure concerning property

categorically immune from attachment and execution and otherwise untethered from any specific

immunity determination.

As previously explained, the FSIA limits the scope of execution-related discovery

in the sovereign context to property located "in the United States" and "used for a commercial

activity" in the United States.  28 U.S.C. § 1610(a).  By demanding information concerning

purported sovereign assets not in the United States, assets as to which there has been *no* showing

of commercial use in the United States, and assets *not* of the Republic (*see* Point I, *supra*),

plaintiffs' Requests for Production and Subpoenas violate the FSIA.  *See Rubin v. Islamic*

*Republic of Iran*, 637 F.3d 783, 795 (7th Cir. 2011) (overturning a general post-judgment asset

discovery order, and holding that the FSIA, which "plainly applies and limits the discovery

process" in proceedings against sovereigns, "aim[s] to protect foreign sovereigns from the

burdens of litigation, including . . . discovery") (cited with approval by the Second Circuit in

*Walters v. Indus. & Commercial Bank of China, Ltd.*, 651 F.3d 280 (2d Cir. 2011)), *cert. denied*,

No. 11-431, 2012 WL 2368717 (June 25, 2012).

Moreover, the FSIA requires that "discovery should be ordered circumspectly and

only to verify allegations of specific facts crucial to an immunity determination."  *EM Ltd. v.*

17

*Republic of Argentina*, 473 F.3d 463, 486 (2d Cir. 2007) (citations and internal quotation marks omitted). Plaintiff's Requests for Production and Subpoenas violate this standard. Discovery demands seeking information concerning assets worldwide, spanning a period of over four years, targeting the assets of 461 entities and served on the foreign state defendant along with 18 Non-Party Banks can in no way be described as "circumspect." Nor have plaintiffs identified any "specific facts crucial to an immunity determination" that this discovery is meant to "verify." In short, the overbroad discovery that plaintiffs demand is neither permissible nor appropriate under the FSIA.

The Second Circuit Court of Appeals recently affirmed an extraterritorial asset discovery order of this Court, holding that subpoenas served by plaintiff NML on Bank of America, N.A. and BNA, and seeking information about purported Republic assets located *outside* the United States, did not infringe upon the Republic's sovereign immunity under the FSIA. *EM Ltd.*, 2012 WL 3553367, at *7. As the Court of Appeals noted, its ruling directly conflicts with the Seventh Circuit's ruling in *Rubin*, *id.*, and moreover, the Court of Appeals' decision did not consider discovery served on the sovereign itself – such as the Requests for Production here. The Republic's petition for rehearing *en banc* of the *EM* decision is currently pending, and the Republic expressly preserves all arguments and objections here concerning FSIA limitations on plaintiffs' asset discovery demands.

**CONCLUSION**

For the foregoing reasons, the Court should issue a protective order as to plaintiffs'

Requests for Production and quash the 18 Subpoenas served on the Non-Party Banks.

Dated:  New York, New York
September 19, 2012

Respectfully submitted,

CLEARY GOTTLIEB STEEN & HAMILTON LLP

By: _____ /s/ Carmine Boccuzzi _____
Jonathan I. Blackman (jblackman@cgsh.com)
Carmine D. Boccuzzi (cboccuzzi@cgsh.com)

One Liberty Plaza
New York, New York 10006
(212) 225-2000

Attorneys for the Republic of Argentina

19