UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NML CAPITAL, LTD., <br><br> Plaintiff, <br> v. <br><br> THE REPUBLIC OF ARGENTINA, <br><br> Defendants. | No. 08 Civ. 6978 (TPG) <br> No. 09 Civ. 1707 (TPG) <br> No. 09 Civ. 1708 (TPG) |
| AURELIUS CAPITAL MASTER, LTD. and, ACP MASTER, LTD., <br><br> Plaintiffs, <br> v. <br><br> THE REPUBLIC OF ARGENTINA, <br><br> Defendants. | No. 09 Civ. 8757 (TPG) <br> No. 09 Civ. 10620 (TPG) |
| AURELIUS OPPORTUNITIES FUND II, LLC and AURELIUS CAPITAL MASTER, LTD., <br><br> Plaintiffs, <br> v. <br><br> THE REPUBLIC OF ARGENTINA, <br><br> Defendants. | No. 10 Civ. 1602 (TPG) <br> No. 10 Civ. 3507 (TPG) <br> No. 10 Civ. 3970 (TPG) <br> No. 10 Civ. 8339 (TPG) |
| BLUE ANGEL CAPITAL I LLC, <br><br> Plaintiffs, <br> v. <br><br> THE REPUBLIC OF ARGENTINA, <br><br> Defendants. | No. 10 Civ. 4101 (TPG) <br> No. 10 Civ. 4782 (TPG) |

*(captions continue on the following page)*

**MEMORANDUM OF LAW OF CLEARSTREAM BANKING S.A. IN SUPPORT OF ITS MOTION FOR CLARIFICATION OR MODIFICATION OF THE JUNE 27, 2014 ORDER**

| | |
|---|---|
| OLIFANT FUND, LTD., <br>                              Plaintiffs, <br>       v. <br><br> THE REPUBLIC OF ARGENTINA, <br><br>                              Defendants. | No. 10 Civ. 9587 (TPG) |
| PABLO ALBERTO VARELA, et al., <br>                              Plaintiffs, <br>       v. <br><br> THE REPUBLIC OF ARGENTINA, <br><br>                              Defendants. | No. 10 Civ. 5338 (TPG) |

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................ 1

BACKGROUND .............................................................................................................................. 1

ARGUMENT .................................................................................................................................... 3

CONCLUSION ................................................................................................................................. 5

Clearstream Banking S.A. ("Clearstream"), an interested non-party, respectfully submits this memorandum of law in support of its motion for clarification or modification of this Court's order entered in this matter on June 27, 2014 (the "June 27 Order").

## PRELIMINARY STATEMENT

On June 27, 2014, this Court issued the June 27 Order allowing Citibank, N.A.'s Argentine branch ("Citibank Argentina") to transfer payments it receives from the Republic of Argentina (the "Republic") on "Peso- and U.S. Dollar-denominated bonds – governed by Argentine law and payable in Argentina – that were issued by the Republic of Argentina in 2005 and 2010 to customers for whom it acts as custodian in Argentina." *See* Index No. 08 Civ. 6978, Doc. No. 547 (emphasis added).

Clearstream is an international central securities depository headquartered in Luxembourg and incorporated under Luxembourg law. *See* Declaration of John Vassos, sworn to and dated July 7, 2014, at ¶ 3 (the "Vassos Decl."). It acts as an intermediary that receives funds from other financial institutions and distributes such funds to its customers, who then pass the funds to the beneficial holders of securities. *Id.* at ¶ 4. It provides securities settlement and custody services to its customers and payments made by Clearstream to its customers are for securities held by Clearstream in its custody for the benefit of its customers. *Id.*

Clearstream seeks an order confirming that the June 27 Order also allows Clearstream to transfer any funds it receives from Citibank Argentina on the bonds "governed by Argentine law and payable in Argentina" to Clearstream's customers.

## BACKGROUND

In the context of this matter, Clearstream acts as an intermediary by receiving funds from Citibank Argentina and then passing those funds onto Clearstream's customers. *See* Vassos

1

Decl. at ¶ 6.  Citibank Argentina acts as a local custodian for certain holders of Peso- and U.S. Dollar-denominated bonds—governed by Argentine law and payable in the Republic of Argentina —that were issued by the Republic in 2005 and 2010 (the "Argentine Law Bonds").  It is our understanding that the Argentine Law Bonds were never the subject of the litigation leading to this Court's entry of certain orders on November 21, 2012 (the "November 21 Orders").  *Id.* at ¶ 2, 5.

On June 18, 2014, Citibank Argentina submitted a motion by order to show cause seeking clarity as to whether the November 21 Orders apply to the Argentine Law Bonds.  For the purpose of the instant motion, Clearstream adopts and incorporates the background facts as set forth on pages 3 through 8 of the Memorandum of Law in Support of Citibank, N.A.'s Renewed Motion by Order to Show Cause for Clarification or Modification, dated June 19, 2014 and electronically filed on July 1, 2014.  *See* Index No. 08 Civ. 6978, Dkt. No. 550, at 3-8.

On June 27, 2014, this Court held a hearing during which it considered Citibank Argentina's motion for clarification and/or modification, and, in response thereto the Court issued the June 27 Order, holding that "**this Court's Amended February 23, 2012 Orders do not as a matter of law prohibit payments by Citibank, N.A.'s Argentine branch on Peso- and U.S. Dollar-denominated bonds – governed by Argentine law and payable in Argentina – that were issued by the Republic of Argentina in 2005 and 2010 to customers for whom it acts as custodian in Argentina**."  *See* Index No. 08 Civ. 6978, Doc. No. 547 (emphasis added).

On July 2, 2014, Euroclear Bank SA/NV ("Euroclear Bank") submitted a motion seeking clarification that this Court's Amended February 23, 2012 Orders do not restrain Euroclear from passing on to its customers payments received on the Argentine Law Bonds.  *See* Index No. 08 Civ. 6978, Doc. Nos. 553-556.

Pursuant to this Court's June 27 Order, Clearstream also has received funds from Citibank Argentina on the Argentine Law Bonds. *See* Vassos Decl. at ¶ 6. On the face of this Court's June 27 Order, Clearstream believes that this Court has declined to exercise any jurisdiction over the Argentine Law Bonds and that Clearstream is free to pass payments on those bonds to Clearstream's customers. However, in an abundance of caution, Clearstream has not yet transferred the funds it received from Citibank Argentina to its customers. *Id.* at ¶ 7. Instead, Clearstream now seeks this Court's guidance and clarification that the June 27 Order's holding also extends to Clearstream.

## **ARGUMENT**

At the June 27, 2014 hearing, the Court clearly distinguished between the Argentine Law Bonds and the bonds over which Bank of New York Mellon acts as an indenture trustee. With respect to the latter, this Court held that it has jurisdiction over the Republic and ruled that the Republic's payment to Bank of New York Mellon ("BNYM") was "illegal," and "improper." *See* Index No. 08 Civ. 6978, Transcript of Proceedings Held on June 27, 2014, at 22-23, 32.[1]

In contrast, in addressing the Argentine Law Bonds, the Court did not bar any payments made by the Republic to Citibank Argentina on "internal Argentine bonds," nor did it bar Citibank Argentina from transferring any funds it received from the Republic thereunder. *Id.* at 26. In response to this Court's stated position, Plaintiffs' counsel objected, stating: "It is illegal under your Honor's orders that have been affirmed for Argentina to pay those bonds, and it is illegal for Citibank to facilitate those payments." *Id.* at 27. However, this Court responded: "I simply disagree with everything you're now saying. I will grant [Citibank Argentina's] motion."

---

[1] Clearstream does not express a position on the applicability of the Amended February 23, 2012 Orders to payments made by the Republic to BNYM, and understands that BNYM has returned such payments to Argentina since the June 27, 2014 hearing. However, Clearstream reserves the right to seek further judicial guidance over those payments in the future.

3

*Id.* Therefore, this Court unequivocally held that the Amended February 23, 2012 Orders do not apply to the Argentine Law Bonds, or otherwise preclude Citibank Argentina from facilitating payments made thereunder.

As a result of this Court's order, Citibank Argentina made payment of funds to Clearstream on the Argentine Law Bonds. *See* Vassos Decl. at ¶ 6. Consistent with this Court's prior holding, Clearstream believes it may facilitate or otherwise transfer the funds it received from Citibank Argentina on the Argentine Law Bonds to Clearstream's customers. Indeed, it would be inconsistent for this Court to rule otherwise, *i.e.* to allow the Republic to pay funds to Citibank Argentina, allow Citibank Argentina to pass those funds on to Clearstream, but then prohibit Clearstream from passing those same funds to its customers. As argued by Euroclear in its memorandum of law seeking clarification, if the payments by the Republic and Citibank Argentina did not violate the February 23, 2012 Orders then payment by Clearstream to its customers also cannot violate those Orders. *See* Euroclear Memorandum of Law, dated July 2, 2014, at 5.

However, in an abundance of caution and for the sake of clarity, Clearstream requests that, consistent with this Court's rulings at the June 27, 2014 hearing, the Court confirm that Amended February 23, 2012 Orders do not preclude Clearstream from passing along the funds received from Citibank Argentina.[2]

---

[2] Clearstream also believes that this Court does not have personal jurisdiction over it. *See Seijas v. Republic of Argentina*, No. 04 Civ. 400 (TPG), Doc. No. 100 (S.D.N.Y. Apr. 30, 2008) (in which this Court found that it lacked jurisdiction over both Clearstream and Euroclear Banking S.A./N.V. and declined to enjoin them accordingly). However, Clearstream does not believe that this Court needs to address that issue at this time. If the Court believes it does need to address the issue of personal jurisdiction over Clearstream at this time, Clearstream can make an additional submission on this point. Clearstream also reserves the right to raise the issue of personal jurisdiction at a later time as may be appropriate.

## CONCLUSION

For the foregoing reasons, the Amended February 23, 2012 Orders should not be construed to govern payments by Clearstream received from Citibank Argentina on Argentine Law Bonds to Clearstream's customers and, therefore, Clearstream should be permitted to transfer any funds it receives from Citibank Argentina on the bonds "governed by Argentina law and payable in Argentina" to its relevant customers.


Dated: New York, New York
July 7, 2014

        MORGAN, LEWIS & BOCKIUS LLP

         /s/ John Vassos_____
        John Vassos
        jvassos@morganlewis.com
        Mary C. Pennisi
        mpennisi@morganlewis.com
        101 Park Avenue
        New York, New York 10178-0060
        Tel:   (212) 309-6000
        Fax:  (212) 309-6001

        *Attorneys for Interested Party*
        *Clearstream Banking S.A.*