# FRIEDMAN KAPLAN SEILER & ADELMAN LLP

BRUCE S. KAPLAN
EDWARD A. FRIEDMAN
GARY D. FRIEDMAN
BARRY A. ADELMAN
ERIC SEILER
ROBERT D. KAPLAN
ANDREW W. GOLDWATER
ROBERT J. LACK
GREGG S. LERNER
SCOTT M. BERMAN
ERIC CORNGOLD
HAL NEIER
PHILIPPE ADLER
LANCE J. GOTKO
KATHERINE L. PRINGLE
MERYL S. ROSENBLATT
DANIEL B. RAPPORT
DAVID I. TANENBAUM
HALLIE B. LEVIN
ANNE E. BEAUMONT
MARY E. MULLIGAN
EMILY A. STUBBS
KENT K. ANKER
AMY C. BROWN
RICARDO SOLANO JR.
JOHN N. ORSINI
JEFFREY R. WANG
JEFFREY C. FOURMAUX
JASON C. RUBINSTEIN
MICHAEL A. GORDON

7 TIMES SQUARE
NEW YORK, NY 10036-6516

TELEPHONE (212) 833-1100
FACSIMILE (212) 833-1250
WWW.FKLAW.COM

WRITER'S DIRECT DIAL
212-833-1102

WRITER'S DIRECT FAX
212-373-7902

E-MAIL
EFRIEDMAN@FKLAW.COM

RICHARD M. HOFFMAN
SENIOR COUNSEL

NORMAN ALPERT
ASAF REINDEL
L. REID SKIBELL
COUNSEL

STEVEN E. FRANKEL
DANIEL R. GREENBERG
TIMOTHY M. HAGGERTY
CHRISTOPHER M. COLORADO
CHRISTOPHER L. McCALL
YITZCHAK E. SOLOVEICHIK
PEARLINE M. HONG
ERIC J. FINKELSTEIN
JENNIFER A. MUSTES
EMILY L. CHANG
ANDREW M. ENGLANDER
CHARLES E. ENLOE
ALEXANDER D. LEVI
ELIZABETH L. MACCHIAVERNA
SARAH F. FOLEY
JAMUNA D. KELLEY
RAINA L. NORTICK
MICHAEL S. PALMIERI
ELLIOT CHOI
TANVIR VAHORA
NORA BOJAR
KEVIN J. LIN
ANDREW C. KOSTIC

July 28, 2014

BY E-MAIL

Honorable Thomas P. Griesa
United States District Judge
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, NY 10007-1312

     Re:    *NML Capital, Ltd. v. The Republic of Argentina*
                Nos. 08 Civ. 6978, 09 Civ. 1707, 09 Civ. 1708
          *Aurelius Capital Master, Ltd. v. The Republic of Argentina*
                Nos. 09 Civ. 8757, 09 Civ. 10620, 10 Civ. 3970, 10 Civ. 8339
          *Aurelius Opportunities Fund II, LLC v. The Republic of Argentina*
                Nos. 10 Civ. 1602, 10 Civ. 3507
          *Blue Angel Capital I LLC v. The Republic of Argentina*
                Nos. 10 Civ. 4101, 10 Civ. 4782
          *Pablo Alberto Varela v. The Republic of Argentina*
                No. 10 Civ. 5338
          *Olifant Fund, Ltd. v. The Republic of Argentina*
                No. 10 Civ. 9587

Dear Judge Griesa:

        We represent plaintiffs Aurelius Capital Master, Ltd., Aurelius Opportunities Fund II, LLC, ACP Master, Ltd., and Blue Angel Capital I LLC.  We write on behalf of plaintiffs in all of the above-referenced cases in response to the letter that counsel for Argentina sent to Your Honor at 4:37 p.m. yesterday, July 27.

2967399.1

Hon. Thomas P. Griesa - 2 - July 28, 2014

Argentina's letter, like the July 23 letter from Citibank, N.A. ("Citibank"), asserts for the first time at the thirteenth hour that the Amended February 23 Orders should be modified to exclude certain U.S. Dollar-denominated Exchange Bonds governed by Argentine law that share an International Securities Identification Number (ISIN) with bonds issued during the 2005 and 2010 Exchanges. Specifically, Argentina contends that because it has subsequently issued additional bonds that are, by Argentina's own description, indistinguishable from bonds issued in the 2005 or 2010 Exchanges – the Court should modify the permanent injunction in the Amended February 23 Orders to exclude all bonds with the same ISIN.

Citibank made an identical argument in its letter of July 23 with respect to bonds issued by Argentina in settlement of claims by the international company Repsol, S.A. Argentina now seeks to extend Citibank's argument based on additional bonds that it contends it issued with ISINs identical to bonds issued in the 2005 or 2010 Exchanges. Argentina's belated request to modify the Amended February 23 Orders should fail for the same reasons stated in the plaintiffs' July 27 response to Citibank's similar arguments.

Argentina should not be permitted through its unilateral action, to exclude Exchange Bonds that are otherwise unquestionably subject to the permanent injunction in the Amended February 23 Orders. Argentina itself chose to issue fungible bonds to Repsol and others. Although it easily could have issued bonds with distinct ISINs, it chose not to do so.

This is plainly Argentina's attempt to eviscerate the Amended February 23 Orders. If Argentina is permitted to exclude a series of bonds from the injunctions because of its unilateral decision to issue bonds that are indistinguishable from bonds that are subject to the injunctions, Argentina will surely try to destroy the injunctions in their entirety by issuing new bonds in each series of preexisting Exchange Bonds.

              Respectfully yours,

              *Edward A. Friedman*

              Edward A. Friedman

cc: Karen E. Wagner, Esq.
   Carmine Boccuzzi, Esq.
   Robert A. Cohen, Esq.
   Robert D. Carroll, Esq.
   Kevin S. Reed, Esq.
   Michael Spencer, Esq.
   Leonard F. Lesser, Esq.

2967399.1